UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- x

| | |
|---|---|
| LANDIS+GYR INC., | : Civil Action No. |
| Plaintiff, | : |
| v. | : |
| ELSTER ELECTRICITY LLC, | : COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF |
| Defendant. | : CONTRACT |
| | : |

------------------------------------- x

Plaintiff, Landis+Gyr Inc., as and for its Complaint, hereby alleges as follows:

## THE PARTIES

1. Plaintiff, Landis+Gyr Inc. ("Landis+Gyr"), is a Delaware corporation, with a principal place of business at Lafayette, Indiana.

2. Defendant, Elster Electricity LLC ("Elster"), is a Delaware Corporation, with offices at Raleigh, North Carolina.

## JURISDICTION AND VENUE

3. This is a civil action for a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Jurisdiction over the parties and the subject matter is established by this Court's Stipulation and Order of Dismissal ("Order"), dated October 26, 1998, wherein the Court retained jurisdiction. Specifically, the Order states: "This Court retains jurisdiction over the parties and the subject matter for the purpose of enforcing the Settlement Agreement and the Patent Cross-License Agreement executed in connection therewith, both of which are expressly

incorporated herein by reference." A true and complete copy of the Order is attached to this Complaint as Exhibit 1.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT OF COMPLIANCE
## WITH PROVISIONS OF PCLA

5. Plaintiff incorporates by reference the allegations of paragraphs 1-4 as if fully set forth herein.

6. The Settlement Agreement resolved a patent dispute between the predecessors-in-interest of Landis+Gyr and Elster, and includes a Patent Cross-License Agreement (PCLA) which requires Landis+Gyr to pay royalties to Elster for Landis+Gyr products which fall under any one of six specified categories.

7. On July 21, 2005, Elster served written notice to Landis+Gyr, alleging breach of the PCLA due to non-payment of royalties due for sales of meters that allegedly fall within the electricity meter definition in Section 1.6(b) of the License Agreement.

8. On January 19, 2006, Elster filed a Motion in this Court alleging that Landis+Gyr breached the PCLA by failing to "abide by" the audit provisions therein.

9. Landis+Gyr has fully complied with all the provisions of the PCLA and has not breached the PCLA.

10. An actual, justiciable controversy exists between Landis+Gyr and Elster regarding breach of the PCLA.

11. Landis+Gyr seeks a declaration by this Court that Landis+Gyr has fully complied with and has not breached the provisions of the PCLA raised by Elster in its Notice Letter.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

12. Plaintiff incorporates by reference the allegations of paragraphs 1-11 as if fully set forth herein.

13. Section 12.1 of the PCLA says that Elster's "sole and exclusive remedy for claims pertaining to royalties due hereunder is a suit for recovery of the monetary amounts specified in Section 11.2"

14. Section 12.2 of the PCLA says that Elster's "sole and exclusive remedy for any other alleged breach shall be a suit for recovery of such actual damages as are caused by the breach."

15. Section 7.1 of the PCLA says that all proceedings "relating to the subject matter hereof shall be maintained in the District Court of Delaware."

16. Thus, the PCLA requires Elster to file a complaint in the District Court of Delaware "for claims relating to royalties due" under the PCLA.

17. Instead of initiating a suit as required by the PCLA, Elster instead filed a motion under the original case. This is a breach of the PCLA.

18. Elster's breach of the PCLA has caused actual damages to Landis+Gyr, including the incursion of legal fees to respond to Elster's improper motion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Landis+Gyr prays for judgment as follows:

A. That this Court declare that Landis+Gyr has not breached the PCLA;

B. That this Court declare that Elster has breached the PCLA; and

C. That this Court award Landis+Gyr its costs, expenses, reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: February 6, 2006

*/s/ Oleh Bilynsky*

Rudolf E. Hutz, Bar. No. 484
N. Richard Powers, Bar. No. 494
Oleh Bilynsky, Bar. No. 3604
**CONNOLLY BOVE LODGE & HUTZ LLP**
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware   19899-2207

And

Of Counsel:
James M. Bollinger
Steven D. Underwood
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York   10178
(212) 309-6000

Counsel for Plaintiff Landis+Gyr Inc.

# EXHIBIT 1

FROM MNA&T                    (WED)10.28'98 11:42/ST. 11:37/NO.4261979626 P 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABB POWER T&D COMPANY, INC. | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 97-417-MMS |
| LANDIS & GYR UTILITIES SERVICES HOLDINGS, INC., LANDIS & GYR UTILITIES SERVICES, INC. and ELECTROWATT AG, | § § § § § § | |
| Defendants. | § | |

## STIPULATION AND ORDER OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41, the claims of Siemens Metering Ltd. ("SML") and Siemens Power Transmission and Distribution LLC ("ST&D") against ABB Power T&D Company Inc. ("ABB") and the claims of ABB against SML and ST&D are hereby dismissed with prejudice, according to the Settlement Agreement between the parties. The claims of Landis & Gyr Utilities Services Holdings, Inc. ("L&GUSH"), Landis & Gyr Utilities Services, Inc. ("L&GUS") and Electrowatt AG ("Electrowatt") against ABB and the claims of ABB against L&GUSH, L&GUS and Electrowatt are hereby dismissed without prejudice, according to the Settlement Agreement between the parties.

Each party to bear its own costs, expenses and attorney fees.

This Court retains jurisdiction over the parties and the subject matter for the purpose of enforcing the Settlement Agreement and the Patent Cross-License Agreement

FROM MNA@T                                                    (WED) 10. 28' 98 11:42/ST. 11:37/NO. 4261979626 P 3

executed in connection therewith, both of which are expressly incorporated herein by reference.

| MORRIS, NICHOLS, ARSHT & TUNNELL | POTTER ANDERSON & CORROON |
|---|---|
| *Karen Jacobs Louden* (signature) | (signature) |
| Donald F. Parsons, Jr. (#437) | William J. Marsden, Jr. (#2247) |
| Karen Jacobs Louden (#2881) | Hercules Plaza |
| 1201 North Market Street | 1313 N. Market Street |
| P.O. Box 1347 | P.O. Box 951 |
| Wilmington, DE 19899 | Wilmington, DE 19899-0951 |
| (302) 658-9200 | (302) 984-6000 |
| *Counsel For Plaintiff* | *Counsel For Defendants* |
| ABB POWER T&D COMPANY | LANDIS & GYR UTILITIES SERVICES HOLDINGS, INC., LANDIS & GYR UTILITIES SERVICES, INC., ELECTROWATT AG, SIEMENS METERING LTD. and SIEMENS POWER TRANSMISSION AND DISTRIBUTION LLC |

SO ORDERED this 28th day of Oct., 1998.

_____
United States District Court Judge

346152v1

2

# CIVIL COVER SHEET

JS44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by the Rules of Court. This form, approved by the Judicial Conference of the united States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the Civil Docket Sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LANDIS+GYR, INC.

## DEFENDANTS
ELSTER ELECTRICITY LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __NCC, DE__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __NCC, DE__
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEY'S (Firm Name, Address, and Telephone Number)
Rudolf E. Hutz (Del. Bar No. 484)
N. Richard Powers (Del. Bar No. 494)
Oleh V. Bilynsky (Del. Bar No 3604)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE 19899,
(302)-658-9141

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
[x] 3 Federal Question (U.S. Government Not A Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | []1 | Incorporated or Principal Place of Business in This State | [ ]4 | []4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | ☐362 Personal Injury - Med. Malpractice | ☐610 Agriculture | ☐422 Appeal | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐365 Personal Injury - Product Liability | ☐620 Other Food & Drug | ☐443 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐368 Asbestos Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 |  | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander |  | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐640 R.R. & Truck | ☐ 820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine |  | ☐650 Airline Regs. | X 830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐345 Marine Product Liability | [ ] 370 Other Fraud | ☐660 Occupational Safety/Health | ☐ 840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐690 Other | **SOCIAL SECURITY** | ☐850 Securities/commodities/Exchange |
| ☐160 Stockholders' Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability |  |  | ☐720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐892 Economic Stabilization Act |
|  | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐893 Environmental Matters |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |  | ☐ 865 RSI (405(g)) | ☐894 Energy Allocation Act |
| ☐ 210 Land Condemnation | 442 Employment | Habeas Corpus: | ☐740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐443 Housing/ Accommodations | ☐530 General | ☐790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐444 Welfare | ☐535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐440 Other Civil Rights | ☐540 Mandamus & Other |  |  | ☐890 Other Statutory Actions |
| ☐245 Tort Product Liability |  | ☐550 Other |  |  |  |
| ☐290 All Other Real Property |  |  |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[x]1 Original Proceeding
☐2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Transferred from Another District (specify)
☐6 Multidistrict Litigation
☐7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is an action under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment that plaintiff has complied with and defendant has not complied with, the terms of a patent license agreement entered as part of settlement of C.A. 97-417 KAJ

## VII REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ declaratory relief    CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES    [ ] NO

## VIII RELATED CASE(S) IF ANY (See instructions)
JUDGE___Jordan___    DOCKET NUMBER___97-417 KAJ___

DATE 2/6/06
SIGNATURE OF ATTORNEY OF RECORD
Oleh Bilynsky

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___06 - 82___

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

___2/6/06___       _____/s/ Parcels_____
(Date forms issued)      (Signature of Party or their Representative)

                         Nick Surio
                         (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action