**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

N. Richard Powers
Counsel

TEL (302) 888-6316
FAX (302) 658-5614
EMAIL npowers@cblh.com
REPLY TO Wilmington Office

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblhlaw.com

March 30, 2006

The Honorable Kent A. Jordan
Judge of the United States District Court
For the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6325
Wilmington, DE  19801

Re:   *Landis+Gyr Inc. v. Elster Electricity LLC*
      C.A. No. 06-82-KAJ

Dear Judge Jordan:

We are counsel for plaintiff Landis+Gyr in the above-captioned action and respond briefly to the letter submitted last night by Elster's counsel.

In its correspondence, Elster requests the Court to either defer setting a Rule 16 schedule or alternatively, to do so in the context of ruling on Elster's three pending motions before the Court. We object to this request. There is no reason to delay in setting the Rule 16 schedule for this dispute. First, even if Elster is correct, and its alleged "action" in the same Court is considered the "first to file" breach of contract claim, this claim will need a scheduling order in any event, and, as presently postured by Elster, the Rule 16 format proposed by the Court would be applicable regardless of the formal caption to the action.[1] And, if Elster is *not* correct, *i.e.*, Elster was not the "first to file," then there is no reason to delay scheduling our properly filed action.

Second, the process of completing the scheduling order should be relatively straightforward, costing little in expenses and resources, and simplifying the matter for the Court. Indeed, the process may trigger informal efforts to resolve the dispute among the parties.

---

[1] As expressed in our various opposition papers, Elster was *not* the first to file and Landis+Gyr's action is the only proper claim presently before this Court. For example, no Rule 16 conference or order was triggered by Elster's alleged "action," *i.e.*, its motion. Moreover, we are perplexed by Elster's suggestion that a single Court could reach "inconsistent results."

I-NY/2022597.1

The Honorable Kent A. Jordan
March 30, 2006
Page 2

       In view of the above, we believe the better course is to continue with the Court ordered scheduling effort and respectfully request the Court to deny Elster's letter/motion.

                                    Respectfully submitted,

                                    N. Richard Powers
                                    Counsel for Plaintiff,
                                    Landis+Gyr Inc.

NRP/cmd
cc:     Julia Heaney, Esq.
        Counsel for Defendant,
        Elster Electricity LLC

        James M. Bollinger, Esq.
        Counsel for Plaintiff,
        Landis+Gyr Inc.