**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LANDIS+GYR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-82-KAJ |
| v. | ) | |
| | ) | |
| ELSTER ELECTRICITY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**LANDIS+GYR'S OPPOSITION TO ELSTER ELECTRICITY LLC'S
MOTION TO DISMISS**

Rudolf E. Hutz (#484)
N. Richard Powers (#494)
Oleh V. Bilynsky (#3604)
CONNOLLY BOVE LODGE & HUTS LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE   19899-2207
(302) 658-9141

-and-

James M. Bollinger (*pro hac vice*)
Steven D. Underwood (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
212-309-6000

Counsel for Plaintiff, Landis+Gyr

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ...................................................................1

II.   PROCEEDINGS TO DATE ....................................................................2

    A.    Elster's First Motion to Enforce ...................................................... 3

        1.    Elster's Discovery Demands are Improper ................................. 3

    B.    Elster's Second Motion to Enjoin .......................................... 3

    C.    Elster's Third Motion to Dismiss........................................... 4

III.  ARGUMENT ............................................................................4

    A.    Elster's Proposed "First to File" Has No Application
        in the Present Context .................................................. 4

    B.    Elster's Motion to Dismiss Requires a Substantive Analysis
        of the Claims That is  Not Permitted Pursuant to Rule 12..................................... 6

IV.   CONCLUSION.........................................................................8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*ALA, Inc. v. CCAIR, Inc.*,
   29 F.3d 855 (3d Cir. 1994)...................................................................................6, 8

*Brown Bag Software v. Symantec Corp.*,
   960 F.2d 1465 (9th Cir. 1992) ..............................................................................3

*Crosley Corp. v. Hazeltine Corp.*,
   122 F.2d 925 (3rd Cir. 1941) ................................................................................4

*E.E.O.C. v. University of Pa.*,
   850 F.2d 969 (3d Cir. 1988)..................................................................................5

*Malpiede, et al. v. Townson, et al.*,
   780 A.2d 1075 (Sup. Ct. Delaware 2001)..............................................................7

*Ranke v. Sanofi-Synthelabo, Inc.*,
   436 F.3d 197 (3d Cir. 2006).................................................................................6

*Shamrock Holdings of Cal., Inc., v. Arenson*,
   2006 U.S. Dist. LEXIS 9835, at *6-7 (D. Del. Mar. 14, 2006) ..............................6, 8

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
   140 F.3d 478 (3d Cir. 1998).................................................................................6

*VLIW Technology LLC v. Hewlett Packard Company*,
   840 A.2d 606 (Sup. Ct. Delaware 2003)...............................................................7, 8

## FEDERAL STATUTES

Fed. R. Civ. P., Rule 3 ..........................................................................................5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

LANDIS+GYR,             )
                                    )
                 Plaintiff,      )
                                    )      C.A. No. 06-82-KAJ
          v.                    )
                                    )
ELSTER ELECTRICITY LLC,     )
                                    )
                 Defendant.    )

**LANDIS+GYR'S OPPOSITION TO ELSTER ELECTRICITY LLC'S**
**MOTION TO DISMISS**

Plaintiff Landis+Gyr submits here its opposition to Elster Electricity LLC's ("Elster") motion to dismiss.

## I.    <u>PRELIMINARY STATEMENT</u>

As previously noted, Landis+Gyr filed the current action as its "sole and exclusive remedy" for resolving its licensing dispute with Elster.[1]  The Complaint raised two claims:  (i) a declaratory judgment action requesting this Court to declare that <u>no</u> royalties are due Elster under the license agreement, and (ii) a breach of contract action against Elster's efforts to circumvent the audit/remedy provisions in violation of the Cross-License Agreement and these express provisions.

This is Elster's second attempt to derail Landis+Gyr's properly filed lawsuit on the parties' contract/license dispute.  Long on rhetoric, Elster's latest motion flip/flops on the facts and sidesteps the law.  Because of these defects, it is fundamentally flawed, and should be rejected.

---

[1]    The Cross-License Agreement states that the "sole and exclusive" remedy is a "suit" for breach of contract.

Specifically, Elster's Rule 12 motion to dismiss concedes that both Counts in the Complaint are complete on their face and without pleading defects. Reversing its earlier allegations,[2] however, Elster now argues that its prior <u>motion</u> for discovery was, in fact, a previously filed mirror image <u>complaint</u> to Landis+Gyr's declaratory judgment count. Contrary to Elster's recently developed assertion, the record clearly demonstrates that Elster did <u>not</u> file a mirror image action and the "first to file" rule doesn't apply.

Elster's argument challenging the breach of contract Count is equally specious. In essence, Elster seeks a ruling that it has committed <u>no</u> breach, as a matter of law. This, of course, violates the Rule 12 mandate that the pleadings of a party are accepted as true, including the clear allegations of breach found in the Complaint. Elster's underlying challenge to these allegations regarding the audit and remedy provisions is simply improper at the pleading stage, and Elster's motion should be denied.

Both issues are discussed in more detail below.

## II.    <u>PROCEEDINGS TO DATE</u>

Elster, while continuing to complain about multiple proceedings, has now filed its third motion, largely redundant of its earlier contentions. In contrast, Landis+Gyr has filed <u>no</u> motions and is the only party to present the current dispute by Complaint as specifically authorized (and required) by the Cross-License Agreement. Indeed, Elster does not challenge Landis+Gyr's right to file the suit or that the suit is authorized by the Cross-License Agreement. To the contrary, Elster concedes <u>both</u> points.

---

[2]    "Elster's motion seeks nothing more than discovery …" (Elster's Reply p. 1, Motion to Enjoin).

**A.    Elster's First Motion to Enforce**

Elster, when presenting its motion, sought unilateral discovery of Landis+Gyr in a streamlined summary proceeding ill-suited for this dispute and contrary to the clear language of the Cross-License Agreement.  (*See generally* Landis+Gyr's Oppositions to:  i) Motion to Enforce and ii) Motion to Enjoin).

Initially, and believing it served its purpose at that time, Elster argued its Motion to Enforce sought "nothing more than discovery."  (*See* Elster's Reply, Motion to Enforce, p. 1). Now Elster flip-flops, arguing its discovery motion is, in fact, a "suit" for breach of contract that is the "mirror image" of Landis+Gyr's declaratory judgment action.  (*See* Elster's Memo., Motion to Dismiss, p. 3).  It cannot be both.  Elster's improper motion for discovery was never a "suit," and is certainly no mirror image to the declaratory judgment complaint of Landis+Gyr.

1.    **Elster's Discovery Demands are Improper**

Even when characterized as a discovery motion, Elster cannot demonstrate any obligation by Landis+Gyr to produce highly confidential trade secrets under the Cross-License Agreement. In fact, Landis+Gyr's prior willingness to provide limited discovery during the informal settlement efforts far exceeded any obligation, particularly in view of the highly competitive relationship between the parties and Elster's counsel's substantial role in patent prosecution for Elster.[3]

**B.    Elster's Second Motion to Enjoin**

Elster, without a shred of authority, sought to enjoin Landis+Gyr's complaint, citing the possibility of inconsistent results.  As noted previously, we don't believe there is a significant need to be concerned about inconsistent results when both matters are before the same Court.

---

[3]    Elster's continued claim that Landis+Gyr is obligated by contract to disclose its trade secret information is without merit.  *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992).

C.     **Elster's Third Motion to Dismiss**

The instant action seeks a remedy largely redundant of Elster's prior motions.  The Landis+Gyr Complaint, however, is proper in all respects.  Perhaps more important, Elster concedes that this action by Landis+Gyr:

1.     fully presents the dispute,

2.     allows a balanced, fair procedure to resolve the dispute,

3.     complies with the procedures of the Cross-License Agreement,

4.     enjoys both subject matter and *in personam* jurisdiction, and

5.     will result in a complete remedy for the parties.

Accordingly, and consistent with the controlling law discussed below, Elster's motion should be denied.

## III.     ARGUMENT

A.     **Elster's Proposed "First to File" Has No**
        **Application in the Present Context**

In support of both comity and Court efficiency, jurisprudence has developed for selecting a forum to hear a dispute filed in two separate forums.  "It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals.  No party has a vested right to have his cause *tried by one judge rather than by another of equal jurisdiction*." *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 930 (3rd Cir. 1941)(cited by defendant – emphasis added).  The "first to file" rule is used to decide between competing distinct forums for a single dispute, and, under certain circumstances, favors the forum where the first action is

filed.[4]  It is applied "when two patent lawsuits involving the same claims are filed in *different jurisdictions*." (Elster's Memo., Motion to Dismiss, p. 3) (citations omitted – emphasis added).

As these cases demonstrate, there are two fundamental requirements that must be met before the "first to file" rule is considered.  First, there must be at least two actions filed that are mirror images of each other.  Second, these two actions must be filed in separate forums.

Elster's reliance on the "first to file" rule is misplaced, as the rule has no application here. Elster's motion for "discovery" clearly cannot meet the definition of an "action" because, *inter alia*, it does not comply with Fed. R. Civ. P., Rule 3 ("a complaint") or Rule 8 ("short and plain statement" and "demand for judgment").[5]  A simple comparison demonstrates that Elster's discovery motion is not the mirror image of Landis+Gyr's declaratory judgment action, which clearly complies with both Rules 3 and 8, Fed. R. Civ. P. and frames the entire predicate for the parties' contract/license dispute.

Second, Elster's discovery motion was not raised in a competitive forum that would otherwise trigger a forum selection analysis.  Indeed, Elster's improper motion and Landis+Gyr's Complaint are presented not only in the same forum, but before the same Judge.  This, of course, renders moot any forum selection analysis that might otherwise lead to assessing a "first to file" claim.  The Third Circuit has re-affirmed that a primary purpose of the "first to file" is avoiding conflicting judgments:  "To be sure, the rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 977(citing *Church of Scientology*, 611 F.2d at 750; *Crosley Corp.*, 122

---

[4]    *E.E.O.C. v. University of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990), where the court stated:  "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank.  It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before <u>another district court</u>."  At 971.  (Emphasis added).

[5]    As noted previously, Elster is on record that its motion <u>only</u> seeks discovery.

F.2d at 930.)  Of course, there is no possibility of conflicting judgments here, as Elster's improper motion for discovery and the instant Complaint are both before the same Court.

Because Elster's motion to dismiss relies on these defective premises, it should be denied.

**B.      Elster's Motion to Dismiss Requires a
         Substantive Analysis of the Claims That is
         Not Permitted Pursuant to Rule 12**

In considering a Motion to Dismiss under Rule 12(b)(6), the Court is required to accept the facts asserted in the complaint as true and take all inferences in favor of the plaintiff.  *Ranke v. Sanofi-Synthelabo, Inc.,* 436 F.3d 197, 198 (3d Cir. 2006), citing *ALA, Inc. v. CCAIR, Inc*., 29 F.3d 855, 859 (3d Cir. 1994).  "In considering whether a complaint should have been dismissed for failure to state a claim upon which relief can be granted, the court must consider only those facts alleged in the complaint and accept all of the allegations as true. . . "  *ALA*, at 859.  *See also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) ("In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff.); *Shamrock Holdings of Cal., Inc., v. Arenson*, 2006 U.S. Dist. LEXIS 9835, at *6-7 (D. Del. Mar. 14, 2006) ("A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint.")

Elster seeks dismissal here solely on the substantive grounds that it has not breached the Cross-License Agreement.  (*See* Elster's Memo., Motion to Dismiss, p. 5).  In presenting this argument, Elster not only improperly construes the audit and remedy provisions of the Cross-License Agreement as a matter of law, but determines unilaterally the appropriateness of its conduct.  Elster, however, ignores the precise pleadings found in the Complaint that are directly

contrary to Elster's arguments.  (*See* ¶¶ 5-18 Complaint, Exhibit A).  More telling, Elster's bald assertions are presented without a shred of supporting authority.[6]

In pleading a breach of contract claim, all that is necessary is (1) a contract , (2) an obligation that has been breached, and (3) damage.  *VLIW Technology LLC v. Hewlett Packard Company*, 840 A.2d 606, 612 (Sup. Ct. Delaware 2003).  Because the Landis+Gyr Complaint comprises all the elements of a proper breach of contract claim, there is no basis for dismissal.  ". . ., a plaintiff need not plead evidence.  Rather, the plaintiff need only allege facts that, if true, state a claim upon which relief can be granted."  *Id.*, at 611.

Moreover, when the interpretation of the agreement is in dispute, the court must resolve all reasonable inferences regarding the meaning of contract terms in favor of the plaintiff: "Because the provisions in the Agreement concerning confidentiality and what constitutes an "H-P product" are ambiguous, VLIW argues, all reasonable inferences as to their meaning should have been construed in favor of VLIW for purposes of deciding the defendants' 12(b)(6) motions to dismiss.  Under such a circumstance, VLIW argues that its complaint was sufficient to meet Delaware's notice pleading standard.  We agree."  *VLIW Technology LLC v. Hewlett Packard Company*, 840 A.2d 606, 612 (Sup. Ct. Delaware 2003).

Elster ignores these rules, and offers documents outside the pleadings (*e.g.*, "Black's Law Dictionary") in an effort to "prevail" on the construction issue.  Such factual inquiries are improper and Rule 12 does not permit consideration of documents beyond the complaint.  *Malpiede, et al. v. Townson, et al.*, 780 A.2d 1075, 1083 (Sup. Ct. Delaware 2001) ("The complaint ordinarily defines the universe of facts which the trial court may draw in ruling on a motion to dismiss.").

---

[6]    The cases cited by Elster are not even remotely related to the instant facts.

Dismissal of a contract dispute at the pleading stage is particularly rare and inappropriate. *See e.g., ALA, Inc.*, 29 F.3d at 855 (reversed dismissal that was based on statute of frauds); *Shamrock Holdings*, 2006 U.S. Dist. Lexis 9835 (motion to dismiss denied – indemnification clause reflects a factual dispute that should be addressed in discovery); *VLIW Technology*, 840 A.2d at 612 (reversed dismissal – confidentiality clause dispute improper grounds for dismissal).

Under this proper analysis, there is no basis under Rule 12(b)(6) to dismiss the breach of contract count.

**IV.    <u>CONCLUSION</u>**

For all the reasons stated above, Elster's motion to dismiss should be denied.

Respectfully Submitted,

Dated:  April 17, 2006

/s/ Oleh V. Bilynsky
Rudolf E. Hutz (#484)
N. Richard Powers (#494)
Oleh V. Bilynsky (#3604)
CONNOLLY BOVE LODGE & HUTS LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE   19899-2207
(302) 658-9141

-and-

James M. Bollinger (*pro hac vice*)
Steven D. Underwood *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
212-309-6000

Counsel for Plaintiff, Landis+Gyr

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of April 2006 I electronically filed a copy of the

foregoing **LANDIS+GYR'S OPPOSITION TO ELSTER ELECTRICITY LLC'S MOTION**

**TO DISMISS** with the Clerk of the Court using CM/ECF and served the below-designated

counsel for defendant in the manner indicated:

> **<u>VIA HAND DELIVERY</u>**
> Julia Heaney
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE   19899

> /s/ Oleh V. Bilynsky
> Oleh V. Bilynsky (#3604)

# EXHIBIT
# A

# CIVIL COVER SHEET

14 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of Court. This form, approved by the Judicial Conference of the united States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the Civil Docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LANDIS + GYR, INC.

**DEFENDANTS**
ELSTER ELECTRICITY LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___NCC, DE___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___NCC, DE___
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEY'S (Firm Name, Address, and Telephone Number)
Rudolf E. Hutz (Del. Bar No. 484)
N. Richard Powers (Del. Bar No. 494)
Oleh V. Bilynsky (Del. Bar No 3604)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE 19899,
(302)-658-9141

ATTORNEYS (IF KNOWN)

06 - 82

## II. BASIS OF JURISDICTION *(PLACE AN "X" IN ONE BOX ONLY)*

☐ 1  U. S. Government
        Plaintiff

[x] 3  Federal Question
        (U. S. Government Not A Party)

☐ 2  U. S. Government
        Defendant

☐ 4  Diversity
        (Indicate Citizenship of Parties
        in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(PLACE AN "X" IN ONE BOX ONLY)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐620 Other Food & Drug | | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | ☐443 Withdrawal 28 USC 157 | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander | ☐630 Liquor Laws | | ☐450 Commerce/ICC Rates etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers' Liability | ☐640 R.R. & Truck | **PROPERTY RIGHTS** | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | ☐650 Airline Regs. | ☐ 820 Copyrights | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐345 Marine Product Liability | ☐660 Occupational Safety/Health | X 830 Patent | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐690 Other | ☐ 840 Trademark | ☐850 Securities/commodities/ Exchange |
| ☐160 Stockholders' Suits | ☐355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐360 Other Personal Injury | 710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | **CIVIL RIGHTS** | ☐720 Labor/Mgmt. Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐441 Voting | ☐730 Labor/Mgmt. Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| ☐210 Land Condemnation | 442 Employment | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| ☐220 Foreclosure | ☐443 Housing/ Accommodations | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐230 Rent Lease & Ejectment | ☐444 Welfare | ☐791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐240 Torts to Land | ☐440 Other Civil Rights | | ☐870 Taxes (U.S. Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | **PRISONER PETITIONS** | | ☐871 IRS - Third Party 26 USC 7609 | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | ☐510 Motions to Vacate Sentence | | | |
| | **Habeas Corpus:** | | | |
| | ☐530 General | | | |
| | ☐535 Death Penalty | | | |
| | ☐540 Mandamus & Other | | | |
| | ☐550 Other | | | |

**PERSONAL INJURY**
☐362 Personal Injury - Med. Malpractice
☐365 Personal Injury - Product Liability
☐366 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
[ ] 370 Other Fraud
☐371 Truth in Lending
☐380 Other Personal Property Damage
☐385 Property Damage Product Liability

## V. ORIGIN *(PLACE AN "X" IN ONE BOX ONLY)*

[x] 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        (specify)

☐ 6  Multidistrict
        Litigation

☐ 7  Appeal to District
        Judge from
        Magistrate
        Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**This is an action under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment that plaintiff has complied with and defendant has not complied with, the terms of a patent license agreement entered as part of settlement of C.A. 97-417 KAJ**

## VII REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ declaratory relief   CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES   [ ] NO

## VIII RELATED CASE(S) IF ANY (See instructions)
JUDGE ___Jordan___   DOCKET NUMBER ___97-417 KAJ___

DATE 2|6|06   SIGNATURE OF ATTORNEY OF RECORD  *Oleh Bilynsky*

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------- x

LANDIS+GYR INC.,             :      Civil Action No.    0 6 - 8 2

          Plaintiff,        :

    v.                      :      COMPLAINT FOR DECLARATORY

ELSTER ELECTRICITY LLC,     :      JUDGMENT AND BREACH OF
                                           CONTRACT

          Defendant.      :

------------------------------------- x

Plaintiff, Landis+Gyr Inc., as and for its Complaint, hereby alleges as follows:

## THE PARTIES

1.      Plaintiff, Landis+Gyr Inc. ("Landis+Gyr"), is a Delaware corporation, with a principal place of business at Lafayette, Indiana.

2.      Defendant, Elster Electricity LLC ("Elster"), is a Delaware Corporation, with offices at Raleigh, North Carolina.

## JURISDICTION AND VENUE

3.      This is a civil action for a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      Jurisdiction over the parties and the subject matter is established by this Court's Stipulation and Order of Dismissal ("Order"), dated October 26, 1998, wherein the Court retained jurisdiction. Specifically, the Order states: "This Court retains jurisdiction over the parties and the subject matter for the purpose of enforcing the Settlement Agreement and the Patent Cross-License Agreement executed in connection therewith, both of which are expressly

incorporated herein by reference." A true and complete copy of the Order is attached to this

Complaint as Exhibit 1.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT OF COMPLIANCE
## WITH PROVISIONS OF PCLA

5.    Plaintiff incorporates by reference the allegations of paragraphs 1-4 as if fully set

forth herein.

6.    The Settlement Agreement resolved a patent dispute between the predecessors-in-

interest of Landis+Gyr and Elster, and includes a Patent Cross-License Agreement (PCLA)

which requires Landis+Gyr to pay royalties to Elster for Landis+Gyr products which fall under

any one of six specified categories.

7.    On July 21, 2005, Elster served written notice to Landis+Gyr, alleging breach of

the PCLA due to non-payment of royalties due for sales of meters that allegedly fall within the

electricity meter definition in Section 1.6(b) of the License Agreement.

8.    On January 19, 2006, Elster filed a Motion in this Court alleging that Landis+Gyr

breached the PCLA by failing to "abide by" the audit provisions therein.

9.    Landis+Gyr has fully complied with all the provisions of the PCLA and has not

breached the PCLA.

10.    An actual, justiciable controversy exists between Landis+Gyr and Elster regarding

breach of the PCLA.

11.    Landis+Gyr seeks a declaration by this Court that Landis+Gyr has fully complied

with and has not breached the provisions of the PCLA raised by Elster in its Notice Letter.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

12.     Plaintiff incorporates by reference the allegations of paragraphs 1-11 as if fully set forth herein.

13.     Section 12.1 of the PCLA says that Elster's "sole and exclusive remedy for claims pertaining to royalties due hereunder is a suit for recovery of the monetary amounts specified in Section 11.2"

14.     Section 12.2 of the PCLA says that Elster's "sole and exclusive remedy for any other alleged breach shall be a suit for recovery of such actual damages as are caused by the breach."

15.     Section 7.1 of the PCLA says that all proceedings "relating to the subject matter hereof shall be maintained in the District Court of Delaware."

16.     Thus, the PCLA requires Elster to file a complaint in the District Court of Delaware "for claims relating to royalties due" under the PCLA.

17.     Instead of initiating a suit as required by the PCLA, Elster instead filed a motion under the original case.  This is a breach of the PCLA.

18.     Elster's breach of the PCLA has caused actual damages to Landis+Gyr, including the incursion of legal fees to respond to Elster's improper motion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Landis+Gyr prays for judgment as follows:

A.     That this Court declare that Landis+Gyr has not breached the PCLA;

B.     That this Court declare that Elster has breached the PCLA; and

C.     That this Court award Landis+Gyr its costs, expenses, reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: February 6, 2006

*Oleh Bilynsky*

Rudolf E. Hutz, Bar. No. 484
N. Richard Powers, Bar. No. 494
Oleh Bilynsky, Bar. No. 3604
**CONNOLLY BOVE LODGE & HUTZ LLP**
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware   19899-2207

And

Of Counsel:
James M. Bollinger
Steven D. Underwood
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York   10178
(212) 309-6000

Counsel for Plaintiff Landis+Gyr Inc.

-4-

# EXHIBIT 1

(WED) 10. 28˙ 98  11:42/ST. 11:37/NO. 4261979626 P  2

FROM MNA&T

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABB POWER T&D COMPANY, INC. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 97-417-MMS |
| LANDIS & GYR UTILITIES SERVICES HOLDINGS, INC., LANDIS & GYR UTILITIES SERVICES, INC. and ELECTROWATT AG, | § § § § § § | |
| Defendants. | § | |

## STIPULATION AND ORDER OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41, the claims of Siemens Metering Ltd. ("SML") and Siemens Power Transmission and Distribution LLC ("ST&D") against ABB Power T&D Company Inc. ("ABB") and the claims of ABB against SML and ST&D are hereby dismissed with prejudice, according to the Settlement Agreement between the parties. The claims of Landis & Gyr Utilities Services Holdings, Inc. ("L&GUSH"), Landis & Gyr Utilities Services, Inc. ("L&GUS") and Electrowatt AG ("Electrowatt") against ABB and the claims of ABB against L&GUSH, L&GUS and Electrowatt are hereby dismissed without prejudice, according to the Settlement Agreement between the parties.

Each party to bear its own costs, expenses and attorney fees.

This Court retains jurisdiction over the parties and the subject matter for the purpose of enforcing the Settlement Agreement and the Patent Cross-License Agreement

(WED) 10. 28' 98 11:42/ST. 11:37/NO. 4261979626 P 3

FROM MNA@T

executed in connection therewith, both of which are expressly incorporated herein by

reference.

MORRIS, NICHOLS, ARSHT &amp;                 POTTER ANDERSON &amp; CORROON
TUNNELL

*Karen Jacobs Louden*                          *[signature]*
Donald F. Parsons, Jr. (#437)                William J. Marsden, Jr. (#2247)
Karen Jacobs Louden  (#2881)                 Hercules Plaza
1201 North Market Street                     1313 N. Market Street
P.O. Box 1347                                P.O. Box 951
Wilmington, DE  19899                        Wilmington, DE  19899-0951
(302) 658-9200                               (302) 984-6000

*Counsel For Plaintiff*                       *Counsel For Defendants*
*ABB POWER T&amp;D COMPANY*                       *LANDIS &amp; GYR UTILITIES SERVICES*
                                             *HOLDINGS, INC., LANDIS &amp; GYR*
                                             *UTILITIES SERVICES, INC.,*
                                             *ELECTROWATT AG, SIEMENS METERING LTD.*
                                             *and SIEMENS POWER TRANSMISSION AND*
                                             *DISTRIBUTION LLC*

SO ORDERED this 21 day of ___O ct___. 1998.

*[signature]*
United States District Court Judge

346152v1

2