IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANDIS+GYR INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-82-KAJ |
| v. ) | |
| ) | |
| ELSTER ELECTRICITY LLC, ) | |
| ) | |
| Defendant. ) | |

**ELSTER'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Landis presents two flawed arguments in opposition to Elster's Motion to Dismiss: (1) that the "first filed" rule applies only where two proceedings have been filed in separate forums; and (2) that Elster's Motion requires a substantive analysis of the claims that is not permitted under Rule 12. The law is contrary to Landis's arguments.

**ARGUMENT**

I.  **LANDIS'S SUBSEQUENT DECLARATORY JUDGMENT ACTION SHOULD BE DISMISSED UNDER THE "FIRST FILED" RULE.**

Without citing *any* authority, Landis proclaims that it is a "fundamental requirement" of the "first filed" rule that the two actions involved be filed in separate forums. In fact, that is an incorrect statement of law.

The concern that the "first filed" rule addresses is one of duplication and waste of judicial resources, and courts have recognized that it can apply where, as here, duplicative suits are brought in the same district. *See, Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("This concern applies where related cases are pending before two judges in the same district, as is the case here, as well as where related cases have been filed in different districts"). Landis's declaratory judgment action presents the same issues and involves the same

facts as presented by Elster's Motion to Enforce the parties' prior Settlement Agreement.[1] Application of the "first filed" rule is appropriate in this case to avoid duplication and waste of judicial resources. Accordingly, Landis's declaratory judgment action should be dismissed, stayed or in the alternative consolidated with Elster's Motion to Enforce in such a manner that Elster remains the putative plaintiff.

**II.    LANDIS'S BREACH OF CONTRACT ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

As Landis correctly acknowledges, a complaint should be dismissed under Rule 12(b)(6) if "after accepting as true all of the facts alleged in the complaint, and drawing all *reasonable* inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Shamrock Holdings of Cal., Inc. v. Arenson,* 2006 U.S. Dist. LEXIS 9835, at *6-7 (D. Del. Mar. 14, 2006) (emphasis added). The only facts alleged in Landis's Complaint with respect its breach of contract action are:

(1) the PCLA states that Elster's "sole and exclusive remedy for claims pertaining to royalties due hereunder is a suit for recovery of the monetary amounts specified in Section 11.2";

(2) the PCLA states that Elster's "sole and exclusive remedy for any other alleged breach shall be a suit for recovery of such actual damages as are caused by the breach";

(3) the PCLA states that all proceedings "relating to the subject matter hereof shall be maintained in the District Court of Delaware"; and

---

[1]    Landis also says that application of the "first filed" rule is improper here because Elster's suit is not the "mirror image" of Landis's. Landis says the suits differ because Elster initiated suit by motion, whereas Landis initiated suit by filing a complaint for declaratory judgment. But that argument is not only without legal support, it also exults form over substance. Both proceedings involve the same issues – whether Landis breached the audit and royalty provisions of the parties' Settlement Agreement and PCLA. It is the substance of the two proceedings, not the form, that the "first-filed" rule addresses.

(4) Elster brought a Motion to Enforce the Settlement Agreement against Landis in this Court alleging breach by Landis.

Accepting all of these facts as true, the Complaint does not state a claim upon which relief can be granted. The PCLA does not state that Elster must file a separate civil action in the event of breach and to infer otherwise would be unreasonable. As discussed in Elster's opening brief and in its briefs in support of its companion Motion to Enjoin, Landis's argument that "suit" means "a separate civil action" is simply frivolous. Landis has no cause of action for breach of contract, and its Complaint in that respect should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss or stay this action in favor of Elster's first-filed Motion to Enforce (D.I. 58, C.A. No. 97-417-KAJ).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Julia Heaney
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Defendant Elster Electricity LLC*

OF COUNSEL:
Steven J. Rocci
Steven B. Samuels
Vincent J. Roccia
WOODCOCK WASHBURN LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

April 27, 2006

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on April 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

I also certify that copies were caused to be served on April 27, 2006, upon the following in the manner indicated:

### BY HAND

Rudolf E. Hutz, Esquire
N. Richard Powers, Esquire
Oleh Bilynsky, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

### BY FEDERAL EXPRESS

James M. Bollinger, Esquire
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

/s/ Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com

517828