IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANDIS+GYR INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-82-KAJ |
| v. | ) |
| | ) |
| ELSTER ELECTRICITY LLC, | ) |
| | ) |
| Defendant. | ) |

### SCHEDULING ORDER

This 25th day of May, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on May 23, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED THAT:

1. **Outstanding Motions.** The outstanding motions in both cases (C.A. Nos. 06-82-KAJ and 97-417-KAJ) are scheduled to be heard on May 31, 2006 at 2:00 p.m.

    a. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by June 14, 2006. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee For Electronic Discovery), and is incorporated herein by reference.

#466592v1

2.  **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties shall be filed on or before August 31, 2006. All motions to amend or supplement the pleadings shall be filed no later than November 20, 2006.

3.  **Discovery**.

    a.  **Limitation on Hours for Fact Deposition Discovery**. Each side is limited to a total of 70 hours of taking fact witness testimony by deposition upon oral examination and 25 hours of taking expert witness testimony by deposition upon oral examination

    b.  **Location of Depositions**. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court ordinarily must be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c.  **Interrogatories, Requests for Admissions, and Document Requests**. There shall be no limitation upon the permissible number of document requests or requests for admission, but each party shall propound no more than 25 interrogatories to each other.

    d.  **Discovery Cut Off**. Fact discovery shall be initiated so that it will be completed by February 20, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

#466592v1

e. **Disclosure of Expert Testimony**. Unless otherwise agreed, the parties shall serve their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before March 6, 2007. The opposing party shall serve its disclosures to contradict or rebut evidence on the same subject matter on or before March 27, 2007. All depositions of expert witnesses are to be complete on or before May 21, 2007. To the extent any objection to expert testimony is made pursuant to principles announced in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

f. **Discovery Disputes**. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this Paragraph.

4. **Application to the Court for Protective Order**. Should counsel find that it will be necessary to apply to the Court for a protective order specifying the terms and conditions for the disclosure of confidential information, counsel should confer and attempt to

reach an agreement on a proposed form of order and submit it to the Court by June 15, 2006. Should counsel be unable to reach an agreement on a proposed form of Order, counsel must first follow the procedures of Paragraph 3.f. above.

The parties' proposed protective order should include the following required paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7. **Interim Status Reports**. On December 5, 2006, counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. **Status Conference**. On December 12, 2006, the Court will hold a conference under Federal Rule of Civil Procedure 16(a), (b) and (c) by telephone with counsel beginning at 4:30 p.m. Plaintiffs' counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report provided for under Paragraph 7 above or to this Order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. **Tutorial Describing the Technology and Matters in Issue**. The parties shall present to the Court on October 13, 2006 at 2:00 p.m. a tutorial on the technology at issue. The tutorial shall focus on the technology at issue and not be used to argue the parties' claim construction contentions. The parties will retain a videographer to videotape the in-court presentations, and will provide the Court with a copy of the videotape.

10. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before June 21, 2007. Briefing will be presented pursuant to the Court's Local Rules.

11. **Claim Construction Issue Identification and Joint Claim Construction Charts**. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on May 21, 2007, the parties shall exchange a list of those claim term(s)/phrases(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patents in

issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. **Claim Construction**.

Issues of claim construction shall be submitted to the Court no later than June 21, 2007, to be considered by the Court in conjunction with the parties' summary judgment motions.

13. **Hearing on Claim Construction and Summary Judgment**. Beginning at 9:30 a.m. on July 27, 2007, the Court will hear evidence and argument on claim construction and summary judgment.

14. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. **Pretrial Conference**. On November 13, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before October 15, 2007.

16. **Motions *In Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in*

*limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing such an *in limine* request, such support or opposition shall be combined in a single five page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.  **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format), which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

16.  **Trial**. This matter is scheduled for a ten (10) day jury trial beginning at 9:30 a.m. on December 10, 2007, ~~or as the Court's calendar permits~~. For the purposes of completing pretrial preparation, counsel should plan on each side being allotted a total of 22 hours to present their case.

_____
United States District Court Judge

7

#466592v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LANDIS+GYR INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-82-KAJ |
| | ) | |
| ELSTER ELECTRICITY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED FINAL PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**


**Defendant(s) Counsel:**


**I.    Nature of the Case**

The parties should prepare a brief statement of the nature of the case including the claims of the parties (personal injury, federal tort claim, breach of contracts, etc.). The principal purpose of this statement is to assist the Court in explaining the case to prospective jurors upon selection of a jury.

**II.    Jurisdiction**

A.    This is an action for:

(State the remedy sought, such as damages, injunctive or declaratory relief.)

  B. The jurisdiction of the Court is not disputed (or, if the issue has not previously been raised, the basis on which jurisdiction is contested).

    1. If not disputed, state the statutory, constitutional or other basis of jurisdiction.

### III. Uncontroverted Facts

The following facts are not disputed or have been agreed to or stipulated to by the parties:

(This section should contain a comprehensive statement of the facts which will become a part of the evidentiary record in the case and which, in jury trials, may be read to the jury.)

### IV. Agreed to Issues of Law

The parties agree that the following are the issues to be decided by the Court:

### V. Witnesses (Please note those who will testify by deposition.)

  A. List of witnesses the plaintiff expects to call, including experts:

    1. Expert witnesses.

    2. Non-expert witnesses.

  B. List of witnesses defendant expects to call, including experts:

    1. Expert witnesses.

    2. Non-expert witnesses.

  C. If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.

D.  **Rebuttal Witnesses**. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

VI.  **Exhibits**

As set forth in Local Rule 16.4(d)(6), "A list of pre-marked exhibits, including designations of interrogatories and answers thereto, request for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

VII.  **Damages**

An itemized statement of all damages, including special damages.

VIII.  **Bifurcated Trial**

Indicate whether the parties desire a bifurcated trial, and, if so, why.

IX.  **Trial Briefs**

Motions *in limine* shall not be separately filed.  Any *in limine* requests shall be set forth, with citation to authorities and brief argument, in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. Briefing shall not be submitted on *in limine* requests, unless otherwise permitted by the Court.

X.  **Limitations, Reservations and Other Matters**

A.  **Length of Trial**. The probable length of trial is _____ days. The case will be listed on the trial calendar to be tried when reached.

   Mark appropriate box:  Jury_____
               Non-jury_____

B.  **Number of Jurors**.  There shall be six jurors and _____ alternate jurors.

C.  **Jury Voir Dire**.  The Court will conduct voir dire.  If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

  IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

  DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFF(S)

_____
ATTORNEY FOR DEFENDANT(S)

NOTE:  Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the pretrial order may be suitably modified.  The initial page may be modified to reflect the joinder.  List attorney's name, address, and telephone number.